J-E01004-14

2014 PA Super 289

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE VARGAS, | |
| Appellant | No. 1415 EDA 2012 |

Appeal from the Judgment of Sentence Entered January 12, 2012
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001895-2011

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E.,
         PANELLA, J., DONOHUE, J., ALLEN, J., LAZARUS, J., MUNDY, J.,
         and OLSON, J.

CONCURRING AND DISSENTING OPINION BY BENDER, P.J.E:

**FILED DECEMBER 31, 2014**

After careful review, I must respectfully dissent.  While I agree with the Majority that the evidence was sufficient to prove that Appellant constructively possessed the drug packaging material and heroin residue found in the hotel room, I disagree with the Majority that the evidence was sufficient to prove that a conspiracy existed between Appellant and Mr. Saldana which "encompassed, as its object, the cutting and packaging of the 377.73 grams of uncut heroin that was discovered in Mr. Saldana's vehicle." Majority Decision at 29.  Accordingly, I would reverse Appellant's convictions for conspiracy and PWID.  Furthermore, even if the evidence were sufficient

to support Appellant's convictions for those crimes, I join the Majority in its determination that the mandatory minimum sentence imposed for his PWID conviction is illegal because 18 Pa.C.S. § 7508 "is unconstitutional in its entirety. Majority Decision at 35. Nevertheless, even if Section 7508 could survive constitutional scrutiny, I would still conclude that Appellant's sentence is illegal because his stipulation to the drug weight triggering the mandatory minimum provided by Section 7508 does not circumvent the dictates of **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

I.

In reviewing the sufficiency of the evidence, I am cognizant that this Court must view "all the evidence admitted at trial, together with all reasonable inferences which can be drawn therefrom, in the light most favorable to the Commonwealth[]" and determine if "the jury (or the court as fact-finder) could have properly found that each element of the offense was proven beyond a reasonable doubt." **Commonwealth v. Scott**, 597 A.2d 1220, 1221 (Pa. Super. 1991) (citations omitted). However,

> it is just as important to remember that the inferences must flow from facts and circumstances proven in the record, and must be of "such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt. **Commonwealth v. Clinton**, 391 Pa. 212, 219, 137 A.2d 463, 466 (1958). The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fall even under the limited scrutiny of appellate review.

*Commonwealth v. Gruff*, 822 A.2d 773, 784 (Pa. Super. 2003) (Bender, J. concurring and dissenting) (quoting *Scott*, 597 A.2d at 1221) (emphasis added in *Gruff* omitted).

Applying these standards to the instant facts, I concede that the evidence was adequate to prove that "Appellant constructively possessed the heroin residue and drug paraphernalia that was discovered in the 'heroin mill' of a hotel room…." Majority's Decision at 13. However, for the reasons that follow, I cannot agree with the Majority's conclusion that "Appellant is criminally liable for the substantive offense of possessing the 377.73 grams of raw, uncut heroin that was discovered in Mr. Saldana's vehicle[]" because Appellant was "a member of an ongoing conspiracy with Mr. Saldana" which "encompassed, as its object, the cutting and packaging of" those drugs. Majority Decision at 13-14, 29.

Initially, the Commonwealth did not present evidence proving the *extent* of Appellant's involvement in the 'mobile heroin mill,' other than his presence in the hotel room.[1] More importantly, the Commonwealth provided *no* evidence of the nature or degree of the relationship between Appellant

---

[1] While a drug dog positively indicated on Appellant's vehicle, I believe it is speculative to conclude that Appellant transported the drug paraphernalia to the hotel room where *no* other evidence suggested as much. I also note that it is curious that the Commonwealth was able to obtain a video surveillance tape of Mr. Saldana arriving at the hotel room, yet produced no video of Appellant's entering the room with that contraband.

- 3 -

and Mr. Saldana, or their respective roles in the drug distribution operation. There was also no evidence demonstrating that Appellant knew about the drugs located in the secret compartment in Mr. Saldana's vehicle.

What the Commonwealth's evidence did prove was that Mr. Saldana arrived at the hotel room approximately one minute before Officer Clee entered the parking lot. *See* Majority Decision at 9. Mr. Saldana approached and entered the hotel room empty handed. *Id.* He did not bring with him the 377.73 grams of heroin, instead leaving those drugs in a secret compartment in his vehicle. Mr. Saldana also left his jewelry in his vehicle, which Officer Clee recognized as a sign that Mr. Saldana "was about to engage in a fight[] or that[,] as a drug dealer[,] he had a fear of being robbed." Majority Decision at 2 (quoting N.T. Trial, 10/17/11, at 18-19).

Viewing this evidence in the light most favorable to the Commonwealth, it indicated - at most - that Mr. Saldana may have been *about* to enter a conspiratorial relationship with Appellant and Mr. Carrasco to distribute the raw heroin left inside his vehicle. However, the Commonwealth failed to proffer evidence proving that Appellant and Mr. Saldana actually entered into such an agreement with a shared criminal intent. *See Commonwealth v. Fisher*, 80 A.3d 1186, 1190-1191 (Pa. 2013) (setting forth elements of criminal conspiracy). Indeed, the evidence suggested that at the point when Mr. Saldana arrived, he did not even trust that Appellant would not rob him, making it unreasonable to infer that the two men had established a conspiratorial relationship involving over

$100,000 worth of heroin. Moreover, evidence that 'thousands of bags of heroin' had been cut and packaged *before* Mr. Saldana arrived at the hotel room does not prove that Appellant and Mr. Saldana had entered into a conspiracy to cut and distribute the drugs discovered in the secret compartment of Mr. Saldana's vehicle.

In sum, I believe that the evidence presented by the Commonwealth suggests that Appellant and Mr. Saldana had some sort of an association, and both were individually involved to some extent in a major heroin distribution operation. However, the evidence is not sufficient to establish that these two men entered a conspiratorial relationship encompassing the cutting and packaging of the heroin secreted in Mr. Saldana's vehicle. Accordingly, I would reverse Appellant's convictions for conspiracy and PWID.

II.

Nevertheless, even if the evidence were sufficient to sustain Appellant's PWID conviction, I join the Majority's conclusion that Appellant's sentence is illegal, as this Court is compelled to find 18 Pa.C.S. § 7508 unconstitutional. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Furthermore, in *Commonwealth v. Watley*, 81 A.3d 108 (Pa. Super. 2013) (*en banc*), our Court noted that 42 Pa.C.S. § 9712.1 was "no longer constitutionally sound in light of *Alleyne*…." *Id.* at 113 n.2. However, we declined to address the constitutionality of that provision because Watley did not raise that issue on appeal. *Id.* at 113 n.2.

We then upheld Watley's mandatory sentence under section 9712.1, finding that the dictates of *Alleyne* were satisfied. In our more recent *en banc* decision in *Newman*, we addressed the constitutionality of section 9712.1 in light of *Alleyne*, despite the appellant's failure to preserve the issue below, because "a challenge to a sentence premised upon *Alleyne* … implicates the legality of the sentence" and, thus, it "cannot be waived on appeal." *Newman*, 99 A.3d at 90. We ultimately held that the same mandatory sentencing statute at issue in *Watley* – 42 Pa.C.S. § 9712.1 – is unconstitutional. Therefore, our decision in *Watley* is no longer good law in light of *Newman*.

Moreover, I write separately to note an additional and independent ground that renders Appellant's sentence illegal. The legality of Section 7508 notwithstanding, Appellant's stipulation to the weight of the drugs which triggered the mandatory minimum sentence imposed in this case does not satisfy, or otherwise circumvent, the dictates of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), as that stipulation was made before *Alleyne* was decided.

Appellant's stipulation to the authenticity and accuracy of the Lab Report detailing the weight of heroin seized in this case does not save Appellant's mandatory minimum sentence from direct scrutiny under *Alleyne*. Simply put, such a stipulation has radically different consequences in the post-*Alleyne* era than it did pre-*Alleyne*. Consequently, I would

conclude that stipulations to drug weights made prior to the time that **Alleyne** was decided should not be treated as satisfying **Alleyne**.

As I predicted in the dissent I wrote in **Commonwealth v. Kleinicke**, 895 A.2d 562 (Pa. Super. 2006) (*en banc*) (Bender, J., dissenting):

> The rationale underlying **Blakely**[2] and **Booker**[3] seems undeniable, a system of sentencing that attributes a significant portion of a criminal defendant's punishment to a finding of fact made by a judge upon a preponderance of the evidence standard as opposed to a finding by jury utilizing a beyond reasonable doubt standard is in derogation of a defendant's right to trial by jury and violates due process even if the sentence ultimately imposed falls under the statutorily authorized limit for the crime in question.

*Id.* at 587-88.

Although my dissenting position in **Kleinicke** was ultimately vindicated by the United States Supreme Court in **Alleyne**, the **Kleinicke** majority's position was standing precedent in this Commonwealth at the time of Appellant's trial. That position held that the mandatory sentencing provisions of 18 Pa.C.S. § 7508, the same statute at issue in this case,[4] only

_____

[2] **Blakely v. Washington**, 542 U.S. 296 (2004) (applying the rule in **Apprendi v. New Jersey,** 530 U.S. 466 (2000), to Washington State's determinate sentencing scheme).

[3] **United States v. Booker**, 543 U.S. 220 (2005) (applying the rule in **Apprendi** to the Federal Sentencing Guidelines).

[4] At issue in **Kleinicke** was 18 Pa.C.S. § 7508(a)(1)(iii), which set forth a mandatory minimum sentence for the offense of PWID of "five years in prison and a fine of $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity"
*(Footnote Continued Next Page)*

regulated the minimum sentence and, therefore, "did not offend ***Apprendi***, ***Blakely***, or ***Booker***...." ***Kleinicke***, 895 A.2d at 574. This is precisely the logic rejected in ***Alleyne***, which held that "there is no basis in principle or logic to distinguish facts that raise the maximum [sentence] from those that increase the minimum [sentence]...." ***Alleyne***, 133 S.Ct. at 2163.

Operating under the rubric set forth by the ***Kleinicke*** majority, Appellant's stipulation to the weight of the seized heroin did not constitute a fact that impacted the factfinder's determination of guilt under the beyond a reasonable doubt standard.[5] Indeed, 18 Pa.C.S. § 7508(b) itself provides that:

> Provisions of this section ***shall not be an element of the crime***. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section ***shall be determined at sentencing***. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and ***shall determine, by a preponderance of the evidence***, if this section is applicable.

_(Footnote Continued)_ ―――――――――

where "the amount of marijuana involved is at least 50 pounds, or at least 51 live plants...." Although the instant case involves a mandatory minimum sentence for the offense of PWID pursuant to Section 7508(a)(7)(iii), the ***Alleyne*** implications are identical.

[5] This should be distinguished from the Lab Report's identification of the seized substance as heroin, which certainly was a relevant fact to the determination of Appellant's guilt for PWID.

18 Pa.C.S. § 7508(b) (emphasis added). Now, however, "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2162.

The only practical effect of Appellant's stipulation regarding the weight of the seized heroin was the relinquishment of his ability to contest that weight at sentencing, where, under *Kleinicke* and 18 Pa.C.S. § 7508(b), the lesser, preponderance of the evidence standard applied. Pre-*Alleyne*, it simply did not matter if the Commonwealth could not prove, beyond a reasonable doubt, the weight of a drug for purposes of Section 7508. It did matter pre-*Alleyne*, however, whether the Commonwealth could convince the sentencing court of that weight by a preponderance of the evidence. Thus, a reasonable defense attorney, pre-*Alleyne*, would not do any disservice to his client by conceding the weight of the drugs seized if the Commonwealth could satisfy the lesser burden of proof at sentencing. This was true, even if a rational argument could have been made, or evidence produced, that would have made proving the weight under the higher burden of proof more difficult. Indeed, such a decision might have been made to serve judicial economy so as not to burden the trial courts with unnecessary litigation. Juxtaposed with the higher, post-*Alleyne* standard of proof for the same fact, however, it is illogical to believe that a competent defense attorney would evaluate the decision to stipulate to the weight of a

controlled substance contained within a lab report in the same manner as that attorney might have done pre-*Alleyne*.

The general rule that a stipulation is treated as proof beyond a reasonable doubt of the stipulated fact is, in these narrow circumstances, a grave injustice. In reality, such pre-*Alleyne* stipulations only had the practical effect of conceding that the Commonwealth could prove the weight of the drugs by a preponderance of the evidence at sentencing. To read any more into Appellant's stipulation in this case does a great disservice to Appellant's Sixth Amendment rights as articulated in *Alleyne*. Thus, in addition to the Majority's well-reasoned conclusion that 18 Pa.C.S. § 7508 is unconstitutional under *Newman*, I would also conclude that Appellant's mandatory minimum sentence is illegal because his pre-*Alleyne* stipulation to the weight of the drugs involved did not constitute proof beyond a reasonable doubt as required by *Alleyne*.

Judges Donohue and Lazarus join this concurring and dissenting opinion.